UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBERT J. ODEN, <br><br> Petitioner, <br><br> v. <br><br> F. B. HAWS, Warden, <br><br> Respondent. | 1:09-cv-01458-JLT HC <br><br> ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION (Doc. 11) <br><br> ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) <br><br> ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE THE FILE <br><br> ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is serving a life sentence for second degree murder based upon a February 14, 1986 conviction in the Superior Court for the County of Kings. (Lodged Document ("LD") 1). The instant federal petition for writ of habeas corpus was filed on August 9, 2009.[1] On

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the

1

December 15, 2009, the Court ordered Respondent to file a response. (Doc. 6). On February 12, 2010, Respondent filed the instant motion to dismiss the petition, contending that the petition was untimely and that it was successive. (Doc. 11). On March 2, 2010, Petitioner filed an opposition to the motion to dismiss. (Doc. 13). Respondent filed a reply on March 11, 2010. (Doc. 14).

On December 23, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 8). On January 25, 2010, Respondent likewise filed his written consent to the Magistrate Judge's jurisdiction. (Doc. 10).

### DISCUSSION

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1) and because the petition is successive. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

---

AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on August 9, 2009. (Doc. 1, p. 12).

2

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. § 2244(d)(1)'s one-year limitation period and a violation of 28 U.S.C. § 2244(b)(1)'s prohibition against second and successive habeas petitions.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, and because Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

<u>B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on August 9, 2009, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  The AEDPA, however, is silent on how the one-year limitation period affects cases where direct review concluded *before* the enactment of the AEDPA.  The Ninth Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition within one-year of the AEDPA's enactment, the Court should not dismiss the petition pursuant to § 2244(d)(1).  <u>Calderon v. United States Dist. Court (Beeler)</u>, 128 F.3d 1283,1286 (9th Cir.), *cert. denied*, 118 S.Ct. 899 (1998);  <u>Calderon v. United States Dist. Court (Kelly)</u>, 127 F.3d 782, 784 (9th Cir.), *cert. denied*, 118 S.Ct. 1395 (1998).   In such circumstances, the limitations period would begin to run on April 25, 1996.  <u>Patterson v. Stewart</u>, 2001 WL 575465 (9th Cir. Ariz.).

Here, the Petitioner was convicted on February 14, 1986, in the Superior Court for the County of Kings of second degree murder.  (Doc. 1, p. 1; LD 1).  Petitioner appealed his conviction to the California Court of Appeals, Fifth Appellate District ("5th DCA"), which affirmed Petitioner's conviction on August 13, 1987.  (LD 2).  Petitioner did not file a petition for review.  According to the California Rules of Court, a decision of the Court of Appeal becomes final thirty days after filing of the opinion, Cal. Rules of Court, Rule 8.264(b)(1), and an appeal must be taken to the California Supreme Court within ten days of finality.  Cal. Rules of Court, Rule 8.500(e)(1).  Thus, Petitioner's conviction would normally become final forty days after the Court of Appeal's decision was filed, or on September 22, 1987.  Thus, because direct review of Petitioner's conviction concluded prior to the enactment of the AEDPA, Petitioner would have had one year from the date of enactment of the AEDPA on April 25, 1996, or until April 24, 1997, within which to file a federal habeas petition challenging the 1986 conviction.

As mentioned, the instant petition was filed on August 9, 2009, over twelve years *after* the one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or equitable tolling sufficient to account for the twelve year delay, the instant petition is untimely and must be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

1  § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules
2  governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531
3  U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California
4  petitioner completes a full round of [state] collateral review," so long as there is no unreasonable
5  delay in the intervals between a lower court decision and the filing of a petition in a higher court.
6  Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized
7  by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations
8  omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,
9  536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006
10 (9th Cir. 1999).

11         Nevertheless, there are circumstances and periods of time when no statutory tolling is
12 allowed.  For example, no statutory tolling is allowed for the period of time between finality of an
13 appeal and the filing of an application for post-conviction or other collateral review in state court,
14 because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007.
15 Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of
16 a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a
17 federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120
18 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16,
19 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already
20 run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)
21 ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the
22 state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner
23 is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See
24 Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

25         Here, documents submitted by Respondent as part of the motion to dismiss establish that
26 Petitioner filed the following state habeas petitions related to his 1986 conviction: (1) filed on
27 October 31, 2005 in the Kings County Superior Court and denied on December 8, 2005 (LD 3, 4);
28 (2) filed on January 3, 2006 in the 5th DCA and denied on February 9, 2006 (LD 5, 6); (3) filed in the

California Supreme Court on March 12, 2006 and denied on November 15, 2006 (LD 7, 8); and (4) filed in the California Supreme Court on March 3, 2009 and denied on July 22, 2009 (LD 9, 10).

Even assuming, without deciding that all four state habeas petitions were "properly filed" within the meaning of the AEDPA, they do not afford Petitioner any statutory tolling because all four petitions were filed after the one-year limitation period had expired. A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Here, as mentioned, the limitations period expired on April 24, 1997, approximately eight and one-half years *before* Petitioner filed his first state habeas petition regarding his 1986 conviction. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.

D.  Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. Holland v. Florida, __S.Ct.__, 2010 WL 2346549 *9 (U.S.S.C. June 14, 2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 2010 WL 2346549 at *12; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under

AEDPA is very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." <u>Miles</u>, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim. Accordingly, Petitioner is not entitled to equitable tolling. However, in his opposition to the motion to dismiss, Petitioner offers several reasons why the Court should not dismiss the petition as untimely. First, Petitioner argues that his claim is based upon newly discovered evidence regarding a juror who purportedly was the girlfriend of his trial attorney and who, Petitioner maintains, persuaded other jurors to employ a jury instruction that, in a motion for new trial after the conviction, both the prosecutor and defense counsel acknowledged should not have been given to the jury. Petitioner argues that he had spent twenty-four years investigating this claim and searching, unsuccessfully, for the name of the purported girlfriend on the jury. Petitioner also maintains that he had attempted to obtain a copy of a letter he allegedly sent to the trial judge in a futile attempt to fire his trial attorney. Finally, Petitioner argues that he has spent the years since his 1986 conviction searching for evidence to support his contention that his trial attorney suffered two Driving Under the Influence arrests that both occurred during Petitioner's trial. (Doc. 13, pp. 6-7).

Specifically, Petitioner alleges that it was not until August 14, 2008, that he "got a lead" on the identity, or possible identity, of the alleged girlfriend, Cristeta S. Paguirigan. (<u>Id</u>., p. 7). When Petitioner wrote to the State Bar of California seeking further information about her and lodging a complaint about his trial counsel, the State Bar did not respond. (<u>Id</u>.). Nevertheless, Petitioner used the information about the girlfriend's name to file a state habeas petition in the California Supreme Court. (<u>Id</u>.). In sum, Petitioner is arguing that because he did not discover the girlfriend's name until 2008, the statute of limitations could not have commenced until at least that point. Petitioner is mistaken.

When newly discovered evidence is claimed, § 2244(d)(1)(D) provides that the one-year period starts from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Here, Petitioner readily admits that,

7

1  during his 1986 trial, his counsel turned to him and confided that the woman Petitioner now
2  identifies as Ms. Paguirigan was counsel's "ace in the hole" and that defense counsel was dating her
3  at the time of trial. (Doc. 1, p. 49). Defense counsel also told Petitioner that his girlfriend would
4  convince that other jurors to pick the jury instruction that would later be viewed as erroneous or else
5  Ms. Paguirigan would not vote with the other jurors, thus preventing an unanimous verdict. (Id.).
6  Petitioner professed "shock" that his attorney would do this. (Id.).  Nevertheless, Petitioner
7  apparently went along with counsel's plan, although Petitioner admits that he was concerned when,
8  during deliberation, the jury sent a note to the judge about the questioned jury instruction. Petitioner
9  explains that he believed counsel's girlfriend was going to "control the situation." (Id. at p. 50).

10       As mentioned, under § 2244(d)(1)(D), the one-year limitation period starts on the date when
11  "the factual predicate of the claim or claims presented could have been discovered through the
12  exercise of due diligence," Hasan v. Galaza, 254 F.3d 1150, 1154, fn. 3 (9th Cir. 2001)(*quoting*
13  Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000), not when the factual predicate was actually
14  discovered by Petitioner and not when Petitioner understands the legal theories available to him or
15  the legal significance of the facts that he discovers. It is not necessary for a petitioner to understand
16  the legal significance of the facts; rather, the clock starts when a petitioner understands the facts
17  themselves. Hasan, 254 F.3d at 1154 fn. 3; Owens, 235 F.3d at 359 ("Time begins when the prisoner
18  knows (or through diligence could discover) the important facts, not when the prisoner recognized
19  their legal significance.")

20       From Petitioner's own allegations, it is obvious that, during his original trial in 1986,
21  Petitioner was already aware of the factual basis for his claim that trial counsel and counsel's
22  girlfriend conspired to present to, and have the jurors reach a verdict upon, an instruction that his
23  trial counsel knew was erroneous, thereby either causing a mistrial or establishing a colorable
24  argument for reversal on appeal. The fact that Petitioner did not know some of the specific factual
25  details regarding the claim, e.g., the girlfriend's actual name, until 2008 is not material to his claim
26  nor, therefore, to the commencement of the AEDPA's one-year limitation period under §
27  2244(d)(1)(D).
28       Moreover, to avail himself of § 2244(d)(1)(D), a petitioner must exercise due diligence in

8

pursuit of his claim. Due diligence does not require "the maximum feasible diligence," but it does require reasonable diligence in the circumstances. Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004)(*quoting* Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004); see Wims v. United States, 225 F.3d 186, 190, fn. 4 (2d Cir. 2000). In order to claim the benefit of tolling in this case, it is Petitioner's burden to establish it. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Tholmer v. Harrison, 2005 WL 3144089 (E.D.Cal. Nov. 22, 2005), *1; see Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993)(party seeking tolling bears the burden of alleging facts which would give rise to tolling).

Here, Petitioner has offered no basis, and the Court finds none, for concluding that the one-year period for "newly discovered evidence" under subsection (d)(1)(D) would have commenced any later than 1986, when Petitioner discovered the factual basis for his claim of jury tampering. Additionally, Petitioner, in "investigating" this claim for nearly a quarter of a century has not evidenced anything even remotely resembling reasonable diligence. Indeed, his "discovery" in 2008 of the girlfriend's name, without more, adds little substance to Petitioner's claim as it existed in 1986. To the contrary, Petitioner's decision to spend 24 years "investigating" the claim before presenting it to the state and federal courts shows a complete absence of reasonable diligence.

Petitioner also argues that, despite having raised due process claims in both state court habeas petitions and in previous federal habeas petitions, his due process claims have never been decided on their merits. (Doc. 13, p. 5). It is unclear how this is relevant to the issue of timeliness. In addressing the issue of timeliness under the AEDPA, the Court must determine the correct chronology of events, the proper date for the commencement of the one-year limitation period, the periods, if any, during which the running of the one-year period was tolled either because of properly filed state habeas petitions or on equitable grounds, and the date on which the one-year period expired. This analysis is a relatively straightforward matter of chronology and calculation. Whether a state petition was denied on its merits, or for some other reason, is irrelevant in this instance. Here, Petitioner is not entitled to statutory tolling *not* because the state courts denied the petitions on grounds other than the merits, but because Petitioner was so dilatory in raising his claim that the petitions were filed *after* the one-year period had already expired.

On the other hand, if Petitioner is suggesting that this Court has the inherent authority to ignore the AEDPA's one-year limitation period when a petitioner has not been afforded a decision on the merits of a habeas issue, he is again mistaken. Nothing in the AEPDA provides for such an exception to the operation of its statute of limitation. Accordingly, the petition is untimely.

### E. The Petition Must Be Dismissed As Successive.

Respondent also contends that the petition is successive and, because Petitioner has not obtained permission of the Ninth Circuit to file a successive petition, it must be dismissed. Again, the Court agrees.

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current

1  petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).

2  Respondent has provided documentation that establishes that Petitioner filed the following
3  federal habeas petitions prior to filing the instant petition: (1) case number 1:91-cv-00056-REC-
4  GGH, Oden v. Bunnell (judgment entered on October 25, 1994); (2) case number 1:96-cv-05402-
5  OWW-DLB, Oden v. Prunty (amended judgment entered January 8, 1999); and (3) case number
6  1:03-cv-06442-REC-WMW, Oden v. Lamarque (judgment entered July 30, 2004).  (Doc. 14, Exs. A,
7  B, and C).[2]

8  Although the record before the Court does not indicate why the first federal petition, in case
9  number 1:91-cv-0056-REG-GGH, was denied, the Findings and Recommendations in case number
10 1:03-cv-06442-REC-WMW indicate that the second petition, in case number 1:96-5402-OWW-
11 DLB, was dismissed as a second or successive petition to the first petition.  (Doc. 21).  Those
12 Findings and Recommendations also indicate that the third petition was dismissed both as successive
13 and for a violation of the AEDPA's one-year limitation period.  (Id.).   Thus, Petitioner's claim has
14 been rejected twice already as successive and once as untimely.

15 Petitioner does not challenge the fact that these three prior federal habeas petitions challenged
16 the same 1986 conviction that is the subject of the instant petition.  However, Petitioner contends
17 that he never received a ruling on the merits of his due process claim, apparently reasoning that a
18 petition cannot be successive if the court's decision in the prior petition was not on the merits.  (Doc.
19 13, pp. 4-5).  Petitioner is again mistaken.

20 A habeas petition is second or successive only if it raises claims that were *or could have been*
21 adjudicated on the merits in the earlier petition. McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir.
22 2009); see Woods v. Carey, 525 F.3d 886, 888 (9th cir. 2008).   While a prior petition that was
23 dismissed for lack of exhaustion leaves open the possibility for future litigation and has not,

---

[2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of a court's own proceedings is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980).  Here, in an effort to verify the information provided by Respondent, the Court has accessed its own electronic case filing system to determine that the three cases listed above were in fact filed by Petitioner and that judgment was entered on the dates indicated above.

1  therefore, been adjudicated on the merits, by contrast, petitions dismissed for procedural default or
2  for a violation of the AEDPA's one-year state of limitation "constitute[ ] a disposition on the merits
3  and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)."
4  McNabb, 576 F.3d at 1029-1030; Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005).

5        Therefore, although Petitioner's prior petitions were dismissed as successive and/or untimely,
6  they are nevertheless considered dispositions on the merits for purposes of the "second or
7  successive" bar and, contrary to Petitioner's contentions, the lack of a decision on the merits in those
8  prior petitions does not preclude dismissal of the instant petition as a successive petition.  Indeed,
9  using Petitioner's reasoning, an inmate whose first petition was dismissed as untimely or as
10 procedurally barred could continue to file successive federal habeas petitions in perpetuity because
11 he had not previously received a decision on the merits.  Obviously, § 2244(b) did not envision such
12 an absurd situation.

13       Petitioner makes no showing that he has obtained leave from the Ninth Circuit to file his
14 successive petition attacking his 1986 conviction.  That being so, this Court has no jurisdiction to
15 consider Petitioner's renewed application for relief from that conviction under § 2254 and must
16 dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner desires
17 to proceed in bringing this petition for writ of habeas corpus, he must first file for leave to do so with
18 the Ninth Circuit.  See 28 U.S.C. § 2244 (b)(3).

19       Moreover, the Court declines to issue a certificate of appealability.  A state prisoner seeking a
20 writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition,
21 and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336
22 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28
23 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>    (A) the final order in a habeas corpus proceeding in which the detention

```
           complained of arises out of process issued by a State court;  or
        (B) the final order in a proceeding under section 2255.
    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made
        a substantial showing of the denial of a constitutional right.
    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or
        issues satisfy the showing required by paragraph (2).
```

If a court denied a petitioner's petition, the Court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DECLINES to issue a certificate of appealability.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS:

1. Respondent's motion to dismiss (Doc. 11), is GRANTED;
2. The petition for writ of habeas corpus (Doc. 1), is DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitation period and because the petition is successive;
3. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **June 18, 2010**                              **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE